UNITED STATES, DISTRICT COURT

DISTRICT OF RHODE ISLAND

GERALD M. BROWN JR.

VS. CIVIL ACTION NO.____________

ASHBEL T. WALL R.I. CA. NO. 2004-252A

To the Honorable Judges of the United States District Court, District of Rhode Island.

Removing party, Gerald M. Brown Jr., Pro-se petitioner does respectfully show this court:

1) Removing party is the plaintiff in the above-entitled action.

2) on 22 July 2004 above-entitled action was commenced against non-removing party in the Rhode Island Superior, Supreme Court, and is now pending therein.

3) on 22 July 2004 certification was served to non-removing party for appeal of Post Conviction Relief Application Denial in the above-entitled action, by proper notice of appeal to the Providence Superior Court through First Class U. S. Mail to 250 Benefit Street, Providence, R.I. 02903 to the Providence Superior Court Clerk that was never answered.

4) on 23 Sept. 2004 Certification date, AAron Weisman of the R.I. Department of the Attorney General at 150 South Main Street Providence, R.I. 02903 did respond after petitioner did receive cert. date 22 Sept. 2004 on a seperate issue in the U. S. District Court Ca. No. 04-362S Errata from Mr. Christopher Bush also of the R.I. Attorney General's Office noting that petitioner did file a proper notice of appeal received 27 July 2004. Mr. Weisman answered petitioner's Notice of Appeal and avered that no official pre-brief

be filed as petitioner has no " Rule 12A" ( of the R.I. Supreme Court Rules of Appellate Procedure) Statement has yet to be issued to the petitioner.

5) Judgement entered on 10 Dec. 2004 to the petitioner's seperate issue No. 04-2540 from the United States First Circuit Court of Appeals states that petitioner must await exhaustion of State remedies before ground four (4) could be re-filed under §2254 for said ground.

6) Petitioner patiently waited a reasonable amount of time before pressing for his appeal, receiving a response dated 30 Sept. 2005 from Mr. Ronald A. Tutalo, Administrative Assistant to the Chief Justice of the R.I. Supreme Court. Stating that the case file was never transferred to the R.I. Supreme Court, from the notice of appeal dated 22 July 2004 and that the petitioner needed to first seek to have the Providence Superior Court Clerk send the Superior Court papers to the Clerk of the R.I. Supreme Court.

7) The petitioner immediatetywrote to the Clerk of Courts Providence Superior Court and included a SASE for the courts conveince but, never heard any response.

8) After waiting with no response, petitioner spoke with prison counselor and counselor phoned Mr. Tutalo on 24 Jan. 2006 and Mr. Tulalo faxed his response saying nothing new has been done on the appeal.

9) Petitioner again wrote to the Clerk of Courts Providence Superior Court on 6 Feb. 2006 asking about the file and for a current docket sheet and again included a SASE for their convience but, still no response.

10) Petitioner sent a third letter to Mr. Tutalo about the

appeal and case file on 14 May 2004.

11) petitioner received response from Mr. Tutalo dated 1 June 2006 stating that the case file was lost.

12) Petitioner again wrote to Mr. Tutalo on 19 Aug. 2006 about case file missing.

13) Response from Mr. Tutalo dated 25 Aug. 2006 states that the appeal was never filed and to please contact Superior Court Clerk.

14) Petitioner's Certified motion to forward case file to R.I. Supreme Court dated 7 Sept. 2006 was sent by first Class U.S. Mail to the Providence Superior Court.

15) Petitioner again wrote to Mr. Tutalo on 9 Nov. 2006 to press for his appeal and to explain that he had indeed write to the lower court with no response and again the petitioner is told that the case file is missing.

16) After contacting the counselor again she provided the petitioner with a current docket sheet of the original case file stating that the case file was transferred to the records center on 30 Nov. 2004? from docket sheet report date 7 Dec. 2006.

17) Petitioner wrote to Mr. Conley at the Office of the court Adminastration 250 Benefit Street, Room 506, Providence, R.I. 02903 on 21 Dec. 2006. and asked him to release the case file to the R.I. Supreme Court with copies of proof that the appeal was properly filed. Petitioner also included a SASE for his response, but, no response was ever received.

18) Petitioner did inform Mr. Tutalo on 19 Dec. 2006 as to the case file being in the Records Center and petitioner's correspondence with Mr. Conley asking him to transfer said

case file to be transferred to the R.I. Supreme Court.

19) As of today's date petitioner still has not received any correspondence and case file is not where it should be.

20) Petitioner cites: Lack of prosecution on the part of the defendant and his representatives in denial of his access to the courts, Nepotism of the R.I. Justice System due to the fact that Justice Procaccini and his wife, as a R.I. Supreme Court, could easily and may have played a part in the missing file. and purpose full misconduct of the R.I. Judiciary and Judiciary support in the loss of the petitioner's Due Process and Equal Rights Because of his charge.

21) Petitioner cites that he is being held illegally and un-constitutionaly by the defendant Ashbel T. Wall and all charges are nul-in-void and demands release from false imprisonment.

22) Petitioner states that he is a citizen and resident of the State of Rhode Island, and that the defendant is a citizen and resident of the State of Rhode Island.

23) The above-Entitled action for release of the petitioner from unlawful, and unconstitutional imprisonment Due to Lack of Prosecution, Due process violation, Equal Rights violations, Nepotism, Judicial Misconduct, all in violation of the U.S. Constitution its Laws and the State of R.I. Laws.

24) This Court has Original Jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1331 and the action may therefore be removed to this court pursuant to 28 U.S.C. §§ 1441(c), 1446 (a), and 1443.

25) Copies of all orders and correspondence in the above-entitle

are included as exhibits 1 through 20 to include all in moving parties possession are filed herein.

26) This notice of removal is filed within thirty (30) days of service on the non-moving party in the above-entitled action.

27) Wherefore removing party prays that the above-entitled action be removed from the R.I. Judicial Court system of the R.I. Supreme Court and the Providence Superior Court to the Federal District Court of Rhode Island .

29 MAY 2007
Date

Respectfully Submitted,

Gerald M. Brown Jr. Pro-se
#71461, Fl-39, P.O.Box 8274
Cranston, Rhode Island 02920

**CERTIFICATION**

Petitioner, Gerald M. Brown Jr., does hereby certify that one true copy of this Petition for Removal and Notice of Removal were sent by First class U.S, Mail to; The Rhode Island Supreme Court at 250 Benefit Street Providence, R.I. 02903 and to the Office of The Rhode Island Attorney General at 150 South Main Street Providence, R.I. 02903 on this the 29 day of MAY 2007.

Gerald M. Brown Jr. Pro Se