**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GERALD M. BROWN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-00203-T-DLM** |
| | : | |
| **STATE OF RHODE ISLAND** | : | |

**MOTION TO REMAND**

For the reasons identified in its accompanying memorandum of law, the State of Rhode Island objects to Petitioner Gerald M. Brown, Jr.'s Petition For Removal and respectfully moves for the issuance of an order for remand.

Respectfully submitted,

**STATE OF RHODE ISLAND**

By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush

Christopher R. Bush, #5411
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: June 28, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the June 28, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on June 28, 2007:

Gerald M. Brown, Jr., *Pro Se*
#71461, Fl-39, P.O. Box 8274
Cranston, R.I. 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GERALD M. BROWN, JR.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-00203-T-DLM** |
| | : | |
| **STATE OF RHODE ISLAND** | : | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF STATE'S MOTION TO REMAND**

## I. INTRODUCTION

The State of Rhode Island objects to Petitioner Gerald M. Brown, Jr.'s Petition For Removal ("Petition") and respectfully moves for the issuance of an order for remand. The Petitioner seeks to remove an appeal of the denial of an application for post-conviction relief pending in the Rhode Island state court. As discussed more fully below, there is no statutory or other authority allowing the Petitioner to remove this appeal to this Court.

## II. BACKGROUND

A Newport County jury convicted Petitioner Gerald M. Brown, Jr. ("Brown") of two counts of molesting his six (6) year-old daughter and one count of sexually assaulting his thirteen (13) year-old stepdaughter on January 11, 1991. *See* State v. Brown, 626 A.2d 228, 229-31 (R.I. 1993). The Rhode Island Supreme Court affirmed his convictions on June 22, 1993, *see* id., and the Petitioner thereafter filed two applications for post-conviction relief ("PCR") in the Rhode Island Superior Court pursuant to R.I. Gen. Laws § 10-9.1-1 et seq. The Superior Court denied his first PCR application after a two-day hearing in February 1995, a decision that the Rhode Island Supreme Court affirmed by Order dated October 23, 1997. *See* Brown v. State, 702 A.2d 1171 (R.I. 1997).

The Superior Court denied the Petitioner's second PCR application on July 21, 2004. *See* Brown v. State, 2004 WL 1769145 (R.I. Super. 2004). According to the Petitioner, he noticed an appeal of the denial of this second PCR application. *See* Petition For Removal at ¶ 3. The Petitioner claims that the Rhode Island Supreme Court has not docketed the appeal. *See* Petition for Removal at ¶¶ 4-6.

## III. DISCUSSION

The Petitioner seeks to remove his appeal of the denial of his second PCR application to this Court, claiming that it "is stone walled and this can only lead to Lack of Prosecution, denial of Equal rights, no Due Process, Nepotism of the Judicial System, and Judicial misconduct of the R.I. Judicial System have compelled the petitioner to seek justice in the Federal Courts as he is unlawfully held by the Defendant." Petition for Removal at ¶ 8. In so doing, he asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and asks this Court to exercise jurisdiction pursuant to 28 U.S.C. §§ 1441(c), 1443, and 1446(a). This Court should decline the invitation.

The Petitioner's attempt to remove this case under this statute must fail for at least three reasons. First, § 1441 permits a ***defendant*** to remove a civil action commenced in state court to a federal district court. 28 U.S.C. § 1441(a). *See* id. The Petitioner is not a "defendant" in the context of the instant case; to the contrary, he is the party who commenced this PCR action under R.I. Gen. Laws § 10-9.1-1 et seq.

Second, this Court does not have original jurisdiction over the instant action. The Petitioner is collaterally attacking his state child molestation and sexual assault convictions under R.I. Gen. Laws § 10-9.1-1 et seq. Although civil in nature, there is no authority for the proposition that this Court could have exercised jurisdiction over this type of action. The avenue

for collaterally attacking the legality of a state court conviction in federal court is through the filing of a petition for the issuance of a writ of habeas corpus.[1] *See* 28 U.S.C. § 2254.

Third, even assuming, *arguendo*, that the Petitioner could remove his post-conviction relief case to federal court, the instant petition is untimely. Section 1446 requires a defendant to file a notice of removal within thirty (30) days of receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or service of a summons.[2] 28 U.S.C. § 1446(b). The Petitioner filed his PCR application on April 18, 2000, *see* Brown, 2004 WL 1769145, at *1, and purportedly noticed the appeal of the Superior Court's decision not long thereafter.

## IV. CONCLUSION

For all of these reasons, this Court should remand this case to the Rhode Island state courts.

[1] The Petitioner has filed multiple Petitions for Writs of Habeas Corpus in this Court, which this Court has either denied on its merits or transferred to the First Circuit Court of Appeals because Brown had not first obtained leave to file a second or successive petition. The First Circuit denied his request to do so.

[2] Section 1446(b) further provides that a notice of removal may be filed within thirty (30) days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

Respectfully submitted,

**STATE OF RHODE ISLAND**

By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush

Christopher R. Bush, #5411
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: June 28, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the June 28, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on June 28, 2007:

Gerald M. Brown, Jr., ***Pro Se***
#71461, Fl-39, P.O. Box 8274
Cranston, R.I. 02920

/s/ Christopher R. Bush