UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD M. BROWN JR.
VS. CA. NO. 07-00203-T-DLM

A.T. WALL

**OBJECTION TO DEFENSE MOTION TO REMAND**

The petitioner, Gerald M. Brown Jr., does here by object to defense motion to remand and prays this court to retain full and complete jurisdiction as stated in the accompanying memorandum.

7/July/2007

Respectfully Submitted,

Gerald M. Brown Jr. Pro-Se
#71461, F1-39, P.O.Box 8274
Cranston, R. I. 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

GERALD M. BROWN JR.

VS. CA. NO. 07-00203-T-DLM

A.T. WALL

**MEMORANDUM IN SUPPORT OF PETITIONERS**

**OBJECTION TO DEFENSE MOTION TO REMAND**

I. Petitioner, Gerald M. Brown Jr., does hereby object to the defense motion to remand petitioner's application to Remove his action to the Federal Courts whom retain original jurisdiction under Due Process and Equal Rights Violations of the United States Constitution.

II. True Background;

Petitioner was unlawfully convicted in the **Providence** County Superior Court by jury( not Newport County as the defense would keep misleading all the Federal Courts) before the late Justice Thomas Needham. Unlawfully convicted of two (2) counts of Child molestation against his daughter and one (1) count of second degree sexual assault against his step-daughter on 11 January 1991. see State V. Brown 626 A2d 228 (RI 1993). The Rhode Island Supreme Court affirmed the unlawfull conviction on 22 June 1993, see id., and the petitioner filed his first Post Conviction Relief (PCR) application under RIGL 10-9.1-1 et. seq. the R.I. Superior Court Providence again under the late Justice Needham whom denied it summarily after a two (2) day hearing in February 1995, A decission by the R.I. Supreme Court affirmed the denial of the first PCR order dated 23 October 1997, see Brown V State 702 A2d 1171 (RI 1997). Petitioner filed a second PCR after denial of statutory Mandatory Parole was denied by the R.I. Parole Board in November 2000. This second PCR application was forwarded to several other Justices after Justice Needhams passing and then run ruffshod over by Justice Proccacini, ( whom refused to allow the petitioner to argue his case in support in Justice Proccacini's Court Room) and the disposed of said PCR application without any hearing summarily. see Brown v. State 2004 WL 1769145 (RI Superior 2004). Accordingly the petitioner immediatly filed a notice of appeal with the Providence Superior Court and secondly within the ten (10) day time limit did file a Rule 15 Supreme Court Rules to make sure that the Supreme Court was also Notified of the up comming appeal with a copy of the previously sent Notice of appeal.

And noted by the defendant's attorney in their notification to the petitioner when they reserved their right to answer the petitioners Rule 15 motion to the Rhode Island Supreme Court, but only after the Rhode Island Supreme Court gave proper notice of a 12A date and not before. The petitioner has tried for over two and a half (2.5) years to get a 12A date so that he can move forward by correspondance with not only Mr. Tutalo but also others from that office and all he gets is requests for more time to find the file. But, well enough is enough and the petitoner did eile this 1441(c), 1443, 1446(a) with in the last thirty day period that Mr. Tutalo requested as his last extention of time.

## III. DISCUSSION

Petitioner, has shown he is stonewalled and this does press Lack of Prosecution, Denial of Equal Rights, Denial of Due Process, Nepotism of the R.I. Judicial System and Judicial Misconduct in the R.I. Judicial System, for all the reasons listed above the petitioner has turned to the Federal Courts to seek justice and not only to prove his denial of U.S. Constitutional Rights but to try to prove his innocence.

A. Petitioner is and remains the true defendant in this case as his only procedure to attack his issues is through the R.I. Post Conviction Procedures Act, which is a quazi civil avenue provided by the R.I. State Laws.

B. This court does have original Jurisdiction over this action as the petitioner is a United States Citizen and subject to the Laws of this Nation and not just the laws of the State of Rhode Island, especially when those laws are in conflict with the Laws of the Nation. And the petitioner has already been told that he must first exhaust all state remedies before he could be allowed to file a 28 USCS 2254 in this matter.

C. The petitoner has allowed not only adequate time for the defenadnt for his adhereance to the petitioners appeal but, also has file within the last 30 day extention of time asked for and denied by the petitioner with full knowledge of the pending removal action to Mr. Tutalo a representive of the defense.

## IV. CONCLUSION

**Wherefore**, in the above memorandum the petitioner has shown all reasons why this removal should go forward in the Federal Court and the petitioner prays that the defenses remand is denied.

7/July/2007

Respectfully submitted,

[signature]

Gerald M. Brown Jr. Pro-Se
#71461, FL-39, P.O. Box 8274
Cranston, R.I. 02920

**CERTIFICATION**

Petitioner, Gerald M. Brown Jr., Does hereby certify that one true copy of this objection and accompanying memorandum was sent by First Class U.S. Mail to the defendants attorney at; The Office of the Rhode Island Attorney General 150 South Main Street Prov., R.I. 02903 on this the 7 day of July 2007.

Respectfully

Gerald M. Brown Jr. Pro-Se